CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUN 1 3 2006

JOHN F. CORCORAN, CLERK
BY:
   /DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ADRIAN BURL CARTER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:06CV00049 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| VIRGINIA DEPT. OF ) | |
| SOCIAL SERVICES, ) | By: Samuel G. Wilson |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff Adrian Burl Carter, proceeding pro se, brings this action against the Virginia Department of Social Services (DSS), claiming, among other things, that a minor child in DSS care is improperly receiving Seroquel, a prescription medication. Carter seeks to proceed in forma pauperis (IFP) and seeks the return of "kids from Department of Social Services (DSS) when kids well being is not of 'paramount importance.'" Having considered Carter's complaint, the court will grant Carter IFP status; however, for the reasons stated, the court dismisses Carter's action sua sponte for failure to state a claim for which the court may grant relief. See 28 U.S.C. § 1915(e)(2)(B) (stating that a court may "at any time" dismiss an in forma pauperis claim if the action "fails to state a claim on which relief may be granted").

I.

Carter claims that the FDA has recalled Seroquel but that DSS continues to administer the medication to children in DSS care. In addition, Carter claims that a minor child in DSS care receives Seroquel but is not schizophrenic; that the FDA only permits Seroquel use for treatment of schizophrenia; and that "[a]ny prescription for any other use is criminal." In support of his claim,

Carter has submitted an Internet article concerning Seroquel and possible legal actions against its manufacturer.

Carter has not alleged any basis for standing to bring this action. He does not claim that DSS is improperly administering Seroquel to his children nor does he assert that he otherwise has a personal stake in this alleged controversy. Moreover, Carter has not pointed to any statute as a legal basis for his claim and merely states that the use of Seroquel for anything other than the treatment of schizophrenia is "criminal."

## II.

"With respect to individuals' standing, 'at an irreducible minimum, Art. III requires the party who invokes the court's authority to show (1) that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant . . . and (2) that the injury fairly can be traced to the challenged action and (3) is likely to be redressed by a favorable decision.'" Am. Canoe Assn., Inc. v. Murphy Farms, Inc., 326 F.3d 505, 517 (4th Cir. 2003) (quoting Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982)). Because Carter does not allege that he has personally suffered some actual or threatened injury as a result of the alleged illegal conduct of DSS, Carter has failed to satisfy the requirements for standing. Accordingly, the court dismisses Carter's claims.

## III.

For the foregoing reasons, the court dismisses Carter's claim without prejudice because he fails to state a claim on which relief may be granted.

ENTER: This 12th day of June, 2006.

_____
UNITED STATES DISTRICT COURT